Pettibone, J.,
delivered the opinion of the Court.
This was an action of covenant, brought in the Circuit Court of New Madrid, by the defendant in error against the plaintiff in error. The declaration set out the covenant, in substance, as follows: that Brady, in his lifetime, at the county of New Madrid, by his deed bearing date, &c., covenanted with Aquilla Walthan, the intestate, in his lifetime, to pay him the sum of one dollar and twenty-five cents per arpent, for the quantity of three hundred arpents of land, (being the quantity contained in a bond the said Aquilla then held on Edward Robertson, which the said Brady, on the date aforesaid) by his aforesaid deed, acknowledged to have received of said Aquilla,) or to return said bond to said Aquilla, when called on so to do by said Aquilla. Breach assigned, that Brady, in his life, did not either return the said bond, though often called on so to do, or pay the said money; nor has the administrator, &c. There was a general demurrer to the declaration, which was overruled, and judgment given for the plaintiff) for the amount of the money due for the land. Error brought by defendant to reverse that judgment.
The point relied on is, that the declaration is bad, as it does not Contain any special request to return the bond or pay the money. The rule of law is, that whenever a *280 request is necessary to be made, to give the party a right to sue, then it must be specially stated in the declaration, and proved on the trial; and the general allegation, that he had been often requested, is not sufficient: 1 Chit. Pl. p. 322. But where the declaration is on a contract to pay a precedent debt or duty, no request need be stated or proved. The construction which we thinlc must be put upon the covenant, set out in the plaintiff’s declaration, is, that it is not a conditional covenant in favor of the defendant. The condition is in favor of the plaintiff, that, if the money is not paid, he may reclaim his bond. The defendant is absolutely and unconditionally bound to pay the money, and could not discharge himself by tendering to return the bond. The plaintiff might have sued upon the covenant to pay the money, without any reference to the bond. If this is the right construction of the covenant, here was a right of action existing, independent of any request; of course no special request was- necessary.
The judgment of the Court below must be affirmed, with costs.