## Case No. 14,668.

### UNITED STATES v. BROWN.

[4 McLean, 378.][1]

Circuit Court, D. Michigan. June Term, 1848.

TRESPASS—CUTTING TIMBER—JUSTIFICATION—PREEMPTION RIGHT.

At law.

Mr. Norvell, U. S. Dist. Atty.
Mr. Seaman, for defendant.

## Case No. 14,669.

### UNITED STATES v. BROWN.

[1 Mason, 151.][2]

Circuit Court. D Massachusetts. Oct. Term, 1816.

___

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Reported by William P. Mason, Esq.]

## Case No. 14,670.

### UNITED STATES v. BROWN.

[1 Paine, 422.][1]

Circuit Court. D. New York. April Term. 1825.

COVENANT—PENAL BOND—BREACH—NON-PERFORMANCE OF CONDITION—NON-PAYMENT OF PENALTY.

1. Covenant will not lie upon words in an instrument inserted by way of condition or defeasance by the performance of some collateral act.

[Cited in Douglas v. Hennessy, 15 R. I. 279, 3 Atl. 213. 7 Atl. 3, 10 Atl. 584.]

2. So upon a penal bond conditioned that one should account for public monies, property, &c.: held, that covenant would not lie upon the condition.

3. But covenant will lie upon the bond itself; but the breach assigned must be the non-payment of the penalty.

[Cited in brief in Farrar v. Christy. 24 Mo. 465.]

[Cited in Jackson Co. v. Leonard. 16 W. Va. 486, 492.]

___

[1] [Reported by Elijah Paine, Jr., Esq.]

4. Where covenant was brought upon the bond itself, and the breach assigned was the non-performance of the condition, it was *held* bad on demurrer.

[Certified from the district court of the United States for the Northern district of New York.]

R. Tillotson, U. S. Dist. Atty.

W. Slosson and Mr. Griffen, for defendant.

THOMPSON, Circuit Justice. This case has been certified into this court, from the Northern district of this state, under the provisions of the judiciary act (2 Laws U. S. 203 [1 Stat. 73]), the judge of that court having been the district attorney by whom the suit was commenced. The question arises upon demurrer to the declaration. The action is covenant on a bond, in the penalty of five thousand dollars, by which the defendant and Jacob Brown, acknowledge themselves to be held and firmly bound to the United States in that sum; and for the payment of which they bind themselves jointly and severally, with a condition, that if the said Samuel Brown, Junr. "shall well and faithfully account for all public monies that may come into his hands, as deputy quartermaster general, and faithfully account for, and distribute all public property that he may receive into his charge, then the obligation to be void, else to remain in full force and virtue."

The general question that arises in this case, is, whether debt or covenant is the proper action to be brought upon a bond like the one in question. On an examination both of the elementary writers and adjudged cases on this question, there seems to be considerable uncertainty and contrariety of opinion. The general rule however is, that the action of covenant is not confined to any particular words, but may be maintained upon any sealed instrument, where the words import an agreement. But where the words do not amount to an agreement, covenant will not lie. In the present case, covenant might probably be maintained, upon the penalty of the bond, if the breach was properly assigned. It contains an acknowledgment of an indebtedness to the United States of five thousand dollars, and a promise to pay. But the breach of the covenant would be the non-payment of the five thousand dollars, in part or in whole. The first count in the declaration sets out that the defendant did covenant to pay to the United States the sum of five thousand dollars, and had the breach assigned, been the non-payment of the money, it might have been unexceptionable. But the breach assigned is, that the defendant refused and neglected to pay out and distribute, or account for the money and public property which he had received, as deputy quartermaster general. The breach assigned does not therefore come within the covenant, as set out. It is not alleged in the first count, that the defendant covenanted, or agreed to covenant for such money and public property, or to pay out and distribute the same. The breach assigned must always be clearly within the covenant. The first count in the declaration is therefore bad on this ground.

The other counts in the declaration are founded entirely upon the condition of the bond, without noticing any covenant or agreement contained in the penal part, and allege that the defendant did thereby covenant with the United States, that he would well and faithfully account for all public monies, and distribute all public property that should come into his hands as deputy quarter-master, and assigning various breaches of such covenants.

The question that arises on these counts, is, whether an action of covenant will lie upon a mere condition or defeasance in a penal bond, relating to some collateral matter, and not for the payment of money. If covenant can be maintained upon the condition of the bond, it must be because it contains per se an agreement to do some act. But there are no words in the condition, importing an agreement. It merely sets out what shall avoid the covenant or obligation contained in the penal part of the bond, and is for the benefit of the obligor, and showing the terms and conditions upon which he can exonerate and discharge himself from the debt he has acknowledged he owed the obligees. The condition when taken by itself, is senseless and imperfect as a contract. Although there is some uncertainty as to what words shall be deemed to amount to a covenant, I think it may be laid down as a safe conclusion, that covenant will not lie upon words in an instrument inserted by way of condition or defeasance, by the performance of some collateral act. It may be pretty safely affirmed, that covenant upon this condition cannot be sustained against Jacob Brown, the surety. He is not even named in the condition, and there are no words which in any shape or manner import an agreement on his part, either himself to account for the faithful expenditure of public money, and the distribution of public property, or that the defendant shall do it. If covenant will therefore lie against the defendant, it presents the singular case, that upon the same instrument one kind of action will lie against one of the obligors, which will not lie against the other.

It is unnecessary to decide, whether in all cases where covenants are secured by a penalty, the extent of damages is limited to such penalty, as against the principal. It certainly is, so far as relates to the surety. And if, as against the principal, damages may be recovered beyond the penalty, we have a case where, upon the same instrument, there is one rule of damages for one obligor, and a different rule for the other. Such incongruities I apprehend are not sanctioned by the

law. I am accordingly of opinion that the defendant is entitled to judgment upon demurrer.