FAIRLIE and others, com'rs. of the alms house in the city
of New York, *against* LAWSON & STANBERRY.

IN debt on bond, conditioned for the maintenance of a
Judgment    bastard child, in the penalty of $400, the plaintiffs assign-
for the plain-   ed breaches according to the statute, (1 R. L. 518.)  The
tiff in an ac-
tion on a pe-   defendants, (one of whom was a surety,) pleaded payment
nal bond is   of $264 25, and *non damnificatus* beyond that sum.  The
properly for the
penalty, in all   defendants proving payment according to their plea, the
cases, except   court held that the plaintiffs could recover only $135 75,
where the de-
mand is re-   though they proved damages beyond this, over and above
duced by a set
off, within the   what had been paid.
statute, (1 R.      Judge *Irving* taxed supreme court costs for the plain-
L. 515, 16;)
and if the   tiffs ; who insisted that he should also tax interest on the
penalty exceed   verdict to the time of the judgment, which he refused.
$250, the
plaintiff is      It was now submitted, whether the costs should not have
entitled to
supreme court   been taxed at the common pleas rate only ;. and whether
costs, though   interest should not have been taxed.
the damages
recovered on
an assignment      *W. S. Johnson,* for the plaintiffs.
of breaches be
less than $250.      *W. A. Seely,* for the defendants.
Interest
cannot be tax-
ed as costs, on      *Curia.*  The taxing officer was right in both particulars.
recovery upon
a bond, where   In case of an action on a bond, other than for the payment
its effect will
be to compel   of money ; (and indeed where it is for the payment of mo-
the defendants   ney, except where it is met by a set off, in which case the
to pay, (one of
them being a
surety,) beyond  the penalty of the bond.
   A surety is not liable beyond the penalty of his bond.

condition is to be the measure of the judgment, (1 R. L. 515, 16,) the penalty is the criterion of cost. If that be more than $250, supreme court costs are allowed. (2 Cowen's Rep. 412.)

Interest is not allowable where it will swell the recovery to, or, in effect, compel the defendants to pay, in the whole, an amount beyond the penalty of a bond, especially against a surety. (*Clark* v. *Bush,* 3 Cowen, 151.)