## HANNAH HATHAWAY, *Adm'x* vs. JEREMIAH CROSBY *&* *al.*

In all actions upon bonds with a penalty, with a condition which provides for the performance of some covenant or agreement, under the additional act regulating judicial process and proceedings, *stat.* 1830, *c.* 463, the jury are to assess the damages sustained by breaches of the condition thereof.

But where the condition of the bond is such, that it is to be void or is to be defeated upon the performance of some act or duty, the damages are to be assessed by the Court, under the provisions of the *stat.* 1821, *c.* 50; giving remedies in equity.

Bonds given in the common form under the poor debtor acts, are of the latter description, and damages arising from breaches thereof are to be assessed by the Court, unless in cases where the poor debtor acts direct such assessment to be made by the jury.

Where a debtor committed to prison on execution, obtained his release therefrom by giving a bond conforming to the provisions of the acts for the relief of poor debtors in all respects, with the exception that performance was to be made within a shorter time than the law required; and where the conditions were performed within the time required by law, although not within the time limited in the bond; *it was held,* that such bond was not valid as a statute bond, but was good at common law, and subject to chancery; and that the measure of damages in an action by the creditor was the amount actually suffered by him.

The judgment debt is not discharged by such proceedings.

As the act authorizing exceptions to the decisions of the Court of Common Pleas in matters of law, does not require this Court to send the cause to a new trial in every instance where error is found, but only as "law and justice may require;" if a Judge of the Common Pleas erroneously submits to the jury the determination of the amount of damages, and they decide correctly, a new trial will not be ordered.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Both parties excepted. From the exceptions on the part of the plaintiff it appeared, that the action was debt, declaring on the penalty of a bond by the defendants to *Warren Hathaway*, the intestate, dated *April* 30, 1836, in the penal sum of $1415,78 given to procure the enlargement of *Crosby* from prison, to which he had been committed on that day on execution in favor of the intestate, issued on a judgment recovered against *Crosby* at the *Sept.* Term of the Court of Common Pleas, 1835, for $686,15, debt, and $9,61, costs. The action on which the judgment was recovered was commenced *March* 27, 1835, and was founded on a judgment at the *Sept.* Term of the Court of Common Pleas, 1830. The defence was made on the general issue, and general performance by brief statement.

The condition of the bond was as follows. "Now if the said *Jeremiah Crosby* from the time of executing this bond shall continue a true prisoner within the limits of the jail yard, until he shall be lawfully discharged, and shall not depart without the exterior bounds of said jail yard until lawfully discharged from said imprisonment, and if he be not discharged from his said imprisonment according to law, within six months from the date hereof, shall surrender himself to the jail keeper within said six months and go into close confinement, and commit no manner of escape, then the said obligation to be void ; otherwise to remain in full force." The counsel for the defendants contended, that this case came within the provisions of the *stat. March* 11, 1830, *c.* 463, § 1, and offered evidence to show that the plaintiff had not sustained any damages by the breach of the condition of the bond, if a breach should be found by the jury. What this evidence was, appears in the exceptions taken by the defendants, and will be found in the opinion of the Court. To the admission of this evidence the plaintiff objected, but the objection was overruled by the Judge, and the evidence went to the jury. The Judge instructed them that this case was within the provisions of the statute aforesaid, and directed them, if they found a breach of the condition, to inquire into the damages sustained by the plaintiff; and to give such damages as they should think that the plaintiff was entitled to by the evidence, not exceeding the original debt, interest and costs. The jury

found a verdict for the plaintiff, and assessed the damages at the sum of one dollar. The plaintiff filed exceptions.

The counsel for the defendants, at the argument, stated that he waived the exceptions on their part, if those taken by the plaintiff were overruled ; and no decision was made by the Court upon the points presented in them.

*D. T. Granger* argued for the plaintiff.

This is not a bond falling within the provisions of the *stat.* 1830, *c.* 463. The condition does not either in fact or in law amount to or import a " covenant or agreement ;" is simply a condition by way of defeasance. There is a substantial difference between bonds to secure covenants, and bonds on condition or defeasance. There are no covenants in fact between the parties embodied in the condition of the bond, the performance of which the penalty was designed to secure. The benefit which the plaintiff would derive from this bond, was to come from the breach of the condition. The defendants had their election to perform or not to perform.

There is a substantial difference between bonds to secure covenants and bonds by way of defeasance. *Douglass* v. *Clark,* 14 *Johns. R.* 177 ; 5 *Dane,* 245 ; 3 *Dane,* 562 ; 4 *Dane,* 156. Were the condition of the bond a covenant, the obligee might at his option bring debt or covenant. *Stearns* v. *Barrett,* 1 *Pick.* 449 ; 5 *Dane,* 244 ; 3 *Dane,* 559, 563. But if the condition be by way of defeasance, covenant cannot be maintained. 1 *Pick.* 449 ; 3 *Dane,* 559 ; 1 *Paine's C. C. Rep.* 422 ; 4 *Kent,* 145.

A comparison of this *stat. c.* 463, with *stat.* 1821, *c.* 50, will show that the bond in suit does not come within the statute first named.

The *English stat.* of 8 and 9 *Wm.* 3, is similar to ours of 1830, *c.* 463. The *English* statute has been held not to apply to bail or replevin bonds. 3 *Maule & S.* 155 ; 1 *Selw. N. P.* 485 ; 9 *Eng. C. L. Rep.* 33.

The measure of damages, applicable to this case, by the decisions of the Courts, and by principles of law, should be determined by the Court, and not left to the jury. The true measure is, the amount of the execution, interest and fees. *Freeman* v. *Davis,* 7 *Mass. R.* 200 ; *Burroughs* v. *Lowder,* 8 *Mass. R.* 373 ; *Smith* v. *Stockbridge,* 9 *Mass. R.* 221.

The poor debtor act of 1822, *c.* 209, is the one applicable to the present case. That statute has provided the modes in which the debtor may be discharged from imprisonment without affecting the judgment. 1. By giving the statute bond and taking the oath. 2. By the creditor's leaving a written permission for the debtor to go at large. If the debtor be enlarged in any other way, by consent of the creditor, it operates by the common law a discharge of the judgment. The creditor, by bringing this suit, must be considered as assenting to the discharge on this bond. The consequence is that the judgment is discharged, and the bond is substituted for it. The measure of damages therefore in this case is, the amount of the execution, with interest, fees and costs. *Forster* v. *Fuller,* 6 *Mass. R.* 58; 14 *ib.* 443; 5 *Dane,* 219; 1 *ib.* 414; 8 *Cowen,* 171; 6 *Johns. R.* 51; 5 *ib.* 364; *King* v. *Goodwin,* 16 *Mass. R.* 63.

*J. A. Lowell,* for the defendants, argued the points taken in the exceptions of the defendants; and in relation to those taken by the plaintiff, insisted, that this bond came within the *stat.* of 1830, *c.* 463, and also that the poor debtor act of 1839, was applicable to this case. There was a mistake in inserting *six* instead of *nine,* or this would have been a good statute bond. The principal defendant did perform fully all required by the bond within the time limited by the statute. The testimony proved, that he was unable to pay from the time the debt was contracted to the time of trial. The plaintiff could suffer no damages, and was entitled to none. The case of *Winthrop* v. *Dockendorff,* 3 *Greenl.* 156, was considered conclusive, that but nominal damages could be recovered.

The *stat.* 1830, *c.* 463, should be liberally construed; and if so, would include the present bond. 1 *Burns' Law Dic.* 233; 1 *Bacon, Cov.* 526; *Powell on Con.* 314; 1 *Chitty on Pl.* 106.

The opinion of the Court was drawn up by

SHEPLEY J. — There is a material difference between bonds with a condition, which provides for the performance of some covenant or agreement, and those conditioned to be void or defeated upon performance only of some act or duty. In the latter class of bonds with a defeasance the obligor is not obliged to perform the act. He may do it or not at his election; and no action of cove-

nant can be maintained against him.    In the former class the obli-
gor is obliged to perform in the manner provided in the condition,
and the penalty of the bond is but a security for it.    Covenant will
lie to compel a performance, and equity will in a proper case de-
cree it.

The additional act regulating judicial process and proccedings,
c. 463, provides, " that in all actions upon any bond or penal sum
for the performance of any covenants or agreements, and in all ac-
tions of covenant, the plaintiff may assign as many breaches, as he
may think fit;" " and in all actions upon any bond or penal sum
as aforesaid; if the verdict be for the plaintiff, the judgment shall
be as heretofore for the amount of such bond or penal sum, and
the jury shall ascertain by their verdict the damages for such of
said breaches, as the plaintiff upon trial of the issue shall prove."
This statute extends only to that class of bonds, which provide for
the performance of some act by a covenant or agreement.    The
language does not include any other; and the jury are authorized
to assess damages only for such of the breaches of any such cove-
nant or agreement as the plaintiff may prove.    The substance of
these provisions appears to have been derived from the statute of
8 and 9 W. 3, c. 11, and it has been decided, that bonds for the
payment of money by instalments are within that statute, but that
those for the payment of a sum certain, at a day certain, are not
within it.    Murray v. Earl of Stair, 2 B. & C. 82.

. The bond in this case was strictly a bond of defeasance.    The
obligors do not stipulate in the condition to pay any sum of money
or to perform any act..    They only secure to themselves an option
to avoid the bond by the performance of certain acts.    The obli-
gee could not exact performance.    He could only claim the pen-
alty by an action of debt in case of neglect to perform.    The lan-
guage used in the case of Potter v. Titcomb, 7 Greenl. 334,
must receive a construction with reference to the subject then be-
fore the Court.    And where the statute is said to embrace all
bonds, it must be understood to mean all bonds of that description.
This bond not being within that statute, the rights of the parties
upon a forfeiture are to be determined by the Court under the pro-
visions of the act for giving remedies in equity.    c. 50, § 2.

There was error in submitting the assessment of damages to the jury, but under our statute providing for exceptions, it does not ne_cessarily follow, that there must be a new trial. That *stat. c.* 193, § 5, provides, that this Court " shall render judgment thereon, or may grant a new trial at the bar of said court as law and justice may require." And if upon examination it should prove, that the plaintiff has not been injured by that error, and that the judgment is such as should have been rendered by the Court without the aid of a jury, justice would not require a new trial merely because a jury has come to a correct conclusion respecting the damages.

In the bill of exceptions taken by the defendants the facts submitted to the jury on this point appear. It is there stated, that the defendants " did prove, that said *Crosby* was destitute of property at the time when the original demand in this action accrued in 1826; that he had continued to reside within this State, and most of the time within this county from that date to the present time; was present in court at the trial; and had no property during any part of said period of time." It further appeared, that he had regularly notified the creditor of an intention to take the poor debtor's oath on the 28th of *May*, 1836, but that the justices did not proceed to take his disclosure because the execution had erroneously issued in the name of *James* instead of *Warren Hathaway*. That error having been corrected, and the name of *Warren*, having been substituted for that of *James* in the bond by the agreement of the sureties, he caused the creditor to be duly notified, and took the poor debtor's oath on the 12th of *Nov.* 1836, and was discharged; but this was not done within the time prescribed in the condition of the bond, it having erroneously required this to be done within six instead of nine months.

The plaintiff's counsel contends, that the debt has been discharged, and that the just measure of damages is the debt and interest; and relies upon the cases cited as decided in *Massachusetts*.

This case differs from those in important particulars. It does not appear in those cases, that the debtor was destitute of property, or that any attempt was made to take the poor debtor's oath. The ground of action in those cases, was that the debtor had escaped from the prison limits. In this case it does not appear, that the debtor had committed any escape from the prison liberties.

*Hathaway v. Crosby.*

The breach was occasioned by his neglect to surrender himself and go into prison within the time prescribed in the bond. The injury which the plaintiff has suffered arises out of such neglect to go into prison. And the true question respecting the damages is, what injury has the plaintiff suffered by not having the body in prison ? If the sheriff had neglected to arrest the debtor on the execution, and the action had been brought for such neglect, upon the facts in this cause, his damages could have been but nominal; and why should they be greater against the sureties on the bond for a like omission to have the debtor in prison ? The plaintiff in prosecuting this suit does not allege or prove any escape, and how then can he be said to have assented to any by bringing a suit upon the bond ? In pursuing a remedy, which the law gives him he cannot be regarded as impliedly assenting to any thing which he does not allege. It does not appear from the facts in this case, that the debtor could allege and prove, that he had been released from arrest or imprisonment by the consent of the creditor express or implied ; and the right of the creditor therefore remains unimpaired to obtain his debt by any means, which the law may afford him. If the bond had been taken according to the provisions of the statute, that would have determined the amount of damages. Not having been so taken, it is a good bond at common law and subject to chancery. And this Court cannot say, that " according to equity and good conscience," the plaintiff is entitled to more than nominal damages. If a new trial should be granted, this Court must come to the same result, and pass a judgment like that which has been rendered ; and it does not appear to have been the intention, that a new trial should be granted for an error, which was not injurious to the party.

The counsel for the defendants abandons his exceptions, if the plaintiff's are not sustained.

*Exceptions overruled.*