THE STATE, to use of CRAWFORD and ADAMS, *vs.* WOODWARD ET AL.

Covenant will not lie on a penal bond conditioned to be defended by the performance of collateral conditions. Therefore, it will not lie on a sheriff's bond.

ERROR to Cooper Circuit Court.

HAYDEN, *for Plaintiff.*

Covenant will lie upon a sheriff's bond, and the court erred in deciding to the contrary.—1 Chitty, pp. 131, 3, 4, ; 1 Pirtley's Digest, 227, sec. 132 ; 2 Bibb, 465 ; 3 J. J. Marshall, 496, Davis *vs.* Noaks; 4 Bibb, 314; 1 Saunders, 58, *a*, note 1 ; 3 Comyn, 250 ; 3 Johns. Rep., 44, Hallett *vs.* Wylie.

ADAMS, *for Defendants.*

1. Covenant will not lie upon a sheriff's bond.— See Wm. Clark, Governor of Missouri, to the use of William Gentry *vs.* Durat, &c., 1 Mo. Rep., 114; Digest Laws of Mo., 1835, p. 261, sec. 54 ; 1 Payne's Crim. Court Rep., 422; 1 Peters' Digest, 688.

2. The securities in a sheriff's bond are not liable for a greater amount than the penalty of the bond, and in an action of covenant, a greater amount than the penalty might be recovered.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of covenant on a sheriff's bond, against him and his securities. The declaration contained two breaches of the condition of the bond, and after the assignment of the breaches it is averred, that the defendants have not paid the penalty. To this declaration there was a demurrer, on which judgment was rendered for the defendants.

The question is, whether an action of covenant will lie on a sheriff's bond ? It is clear that, by the common law, an action of covenant was a concurrent remedy with debt on a single bill obligatory, or a penal bond subject to be defeated, by the performance of conditions. In such an action, the breach of covenant would be the non-payment of the debt in the one case; in the other, the non-payment of the penalty, and on that breach, damages would have been assessed equal in amount to the penalty for which judgment would have been rendered, and the defendant, in order to obtain relief against the penalty, was driven to his bill in equity. This being found oppressive, the common law was altered by the statute of 8 & 9 William the Third. Our statute regulating actions on penal bonds is similar to the English law, and declares that when any action shall be prosecuted in any court of law, upon any bond for the breach of any condition, other than

45

for the payment of money, or shall be prosecuted for any penal sum for the non-performance of any covenant or written agreement, the plaintiff in his declaration shall assign the specific breaches for which the action is brought. (Section 5.) The sixth section of said act prescribes, that upon the trial of such actions, if the jury find that any assignment of such breach is true, they shall assess the damages occasioned by the breach, in addition to their finding, or any other question of fact submitted to them.

It must be admitted, that in all actions of covenant, some breach of covenant must be assigned, otherwise the declaration is bad. In a bond for the payment of $5000, conditioned to be void upon the faithful discharge of the duties of an office, wherein consists the covenant? Is the condition a covenant? It cannot, with any propriety of language, be so called. It is a collateral thing, which the obligor has not covenanted to do, and which he may do or not, without violating any covenant, if he is willing to pay the penalty. A. binds himself to pay B. $1000, to be void on condition that A. performs a journey to Rome. Does A. thereby promise to go to Rome? By no means. He covenants to pay money, and the journey to Rome is only an act by which he may relieve himself from his obligation to do so, and which he may do or not without violating any covenant. (United States *vs.* Brown, Payne's C. C. Rep., 422; Gentry *vs.* Murphy, 1 Mo. Rep.) If a breach must be assigned in an action of covenant, and as there can be no breach of covenant assigned in a declaration on a bond for the payment of money, to be void upon the performance of collateral acts, but the non-payment of the penalty, damages must then be assessed for that breach, otherwise there would be no authority in the record to enter a judgment for the amount of the penalty. An action of covenant is brought for the non-payment of the penalty of a bond, where would be the warrant in the record to enter judgment for the amount of the penalty, unless damages were assessed on the breach assigned for the non-payment of it, and judgment would be rendered for the damages. How can this be reconciled to the eighth section of the above-recited act, which directs, that if the plaintiff recover, the verdict assessing the damages shall be entered on the record, and judgment shall be rendered for the penalty, or for the penal sum forfeited, as in other *actions of debt?* If any thing were wanting to show that the legislature contemplated that the action on penal bonds, where the penalty is sought to be recovered, should be debt, it would be the ninth section of the said act, which ordains that the execution on a judgment in actions on penal bonds shall be in the usual form in actions of *debt.* There is a plain difference between a judgment and execution in debt and in covenant. Why, then, should a court which has any regard for the forms of the law permit a party to sue in covenant, when a statute directs that the judgment and execution in the action shall be in debt? Why permit this incongruity? Are there not anomalies enough already in the laws?

The plaintiff has referred the court to Mansur's case, cited in 1 Saunders, 58, *a,* in which it was holden, that at common law the plaintiff could only assign one breach upon a bond or penal sum, for the performance of covenant; for if he assigned several breaches, the declaration was bad for duplicity, because the bond was forfeited by the breach of one covenant as much as of several covenants; but

in an action of covenant he may assign breaches upon every one of the covenants. This was a clear principle, but its application to the case now under consideration is not seen. Mansur's case was determined under the common law prior to the statute of William III., before referred to. On the same page in Saunders to which the court was referred, it is said by a late editor of the work, in speaking of the statute of William III., *"that it is evidently confined to actions of debt,"* and so it is regarded by all elementary writers. It is understood that this opinion is only intended to maintain that an action of covenant will not lie on a penal bond conditioned to be defeated by the performance of collateral conditions, and the word "condition" is used as contradistinguished from covenant.

Judgment affirmed.