State of Missouri ex rel. Moore, by guardian, v. Sandusky et al.

————————♦————————

STATE OF MISSOURI *ex rel.* W. W. C. MOORE, BY GUARDIAN, ETC., Respondent, *v.* SAMUEL D. SANDUSKY *et al.*, Appellants.

1. *Practice, civil — Amendment of caption to petition, when ground for reversal.* — The action of court in allowing an amendment to the caption of a petition after the evidence is in, is a matter resting very much within its sound discretion, and would be no ground of reversal unless shown to operate very much to the prejudice of the other party.
2. *Bonds — Person named in body of, not signing — Effect as to release of signers.* — Those signing a bond will be bound by it, notwithstanding the fact that another person named in the instrument had failed to sign it, unless it appear that at the time of its execution it was agreed that it should not be delivered as their deed until all had executed it.
3. *Bonds — Penalty — Damages greater than, not recoverable.* — The general principle is that in actions upon penal bonds with collateral conditions, the plaintiff can never recover more in the shape of damages than the penalty, even where the damages exceed the amount of the penalty; nor in such case can interest be recovered even on the penalty, after happening of the breach, if the penalty be not then paid.   But under the statute (Wagn. Stat. 240, § 8) he may in addition have costs which accrued in prosecution of his suit on the bond.
4. *Bonds, penal — Sureties, liabilities of can not be extended by implication.* — The liability of a surety on a bond can not be extended by implication beyond the terms of his contract.   To the extent and in the manner and under the circumstances pointed out in his obligation, he is bound, and no further.

State of Missouri ex rel. Moore, by guardian, v. Sandusky et al.

*Appeal from Fourth District Court.*

*Burgess*, for appellants.

The judgment is excessive. In no case could it have been rendered against the securities for more than the amount of the penalty in the bond. (Gen. Stat. 1865, p. 605, §§ 8–10; *id.* 607, § 28 ; Farrar & Brown v. United States, 5 Pet. 372 ; People v. Sumner, 16 Ill. 174 ; Robinson v. County Commissioners, 5 Gilm. 559 ; Skinner *et al.* v. Phillips, Sheriff, 4 Mass. 68 ; Sedgw. Meas. Dam. 425 ; Fairly v. Lawson, 5 Cow, 424.) The release of the principal, Carter, and one of the securities, Hoyle, operated as a discharge of all the securities. (State, to use of Midgett, v. Matson, Adm'r of Mills, 44 Mo. 305 ; Routon's Adm'r v. Lacy, 17 Mo. 399 ; Dodd v. Winn, 27 Mo. 501 ; see also 22 Ind. 405 ; 4 Watts, 21 ; 17 Mass. 605 ; 11 Metc. 35, 36 ; 2 Am. Law Reg. 34 ; 7 Am. Law Reg. 93 ; 2 Gray, 557 ; 2 Pick. 26 ; 9 Wheat. 702 ; 32 N. Y. 448 ; 24 Ind. 484–6 ; Wells v. Dill, 1 Martin, 592 ; Pauling v. United States, 2 Cranch, 219.)

*Geo. W. Easley*, for respondent.

I. The breach of the bond in this case made the penalty a debt, which the surety could at once have discharged by payment ; but as payment was not then made, the surety is held for interest from the time of the breach. (Carter v. Thorn *et al.*, 18 B. Monr., Ky., 613 ; Carter v. Carter, 4 Day, Conn., 30 ; Brainard v. Jones, 18 N. Y. 25 ; Harris v. Clapp, 1 Mass. 308 ; Burr v. Wilcox, 22 N. Y. 557 ; Huntington v. Mott, 1 Root, Conn., 423 ; Graham v. Bickham, 4 Dallas, Penn., 149 ; Hughes v. Wickliff, 11 B. Monr., Ky., 202 ; United States v. Arnold, 1 Gallison, 348, affirmed in 9 Cranch, 108 ; Maryland v. Wyman, 2 Gill & Johns. 254–79.)

II. This court will not review the discretionary power of the Circuit Court in allowing the amendment in the caption of the petition, especially when it is not made to appear that the appellants were injured thereby.

III. There being no condition or reservation on the part of Halliburton in the execution of the bond, and no fraud practiced on him, he is bound, although he may have expected Grill to sign the bond. (4 Shepley, Me., 140; 10 Mass. 442; 5 Greenl., Mo., 336; 4 Cranch, 210.)

WAGNER, Judge, delivered the opinion of the court.

The objections urged to the sufficiency of the petition will not be particularly noticed here. That the second amended petition on which the cause was tried was inartistic and artificial is undoubted, but it was substantially good after verdict, and unless some error in the ruling of the court below, involving the merits, appears, the judgment will not be disturbed. The action of the court in allowing an amendment to the caption of the petition after the evidence was in, was a matter resting very much within its sound discretion, and we should have to see that it operated clearly to the prejudice of the appellants before we would reverse on that ground. The amendment only made the petition conform to the facts adduced in proof; and as to whether any terms should have been imposed was primarily in the discretion of the trial court, and we will not interfere unless abuse is apparent.

There are two questions presented in the record for our determination: first, whether Halliburton was bound on the bond; and, second, whether the court erred in giving damages beyond the amount of the penalty.

The action was commenced on an official bond against Carter as principal, and Sandusky, Hoyle and Halliburton as securities. The bond was for the penal sum of four thousand dollars, and conditioned that Carter should faithfully perform his duty as guardian and curator, etc. In the body of the bond the name of Carter was inserted as principal, and Sandusky, Grill, Hoyle and Halliburton as securities. The bond was signed by Carter, Sandusky, Hoyle and Halliburton, the name of Grill not appearing. It is now contended that because Grill did not sign the bond it is void as to the other securities; that his name appearing in the writing amounted to an undertaking that he should sign it as one of the securities, and that his failure to do so vitiated it and released the other securities.

This is a question upon which the authorities are greatly in conflict, respectable courts having decided in directly opposite ways.

It would subserve no useful purpose to go into a general review of the cases, as it is almost impossible to harmonize or to extract any very general or satisfactory rule from them. We think that the best and most intelligible principle is, that where a writing obligatory is prepared to be signed by several and is not signed by all, whether it is the act of those who do sign it depends upon the question whether it was signed and delivered as an escrow only until signed by the others, or was delivered as the writing of the parties signing. It seems to me that about the best rule was laid down by the Supreme Court of Massachusetts in Cutter v. Whittemore, 10 Mass. 442. There the bond was written to be executed by three parties, and it was executed but by two of them. Jackson, J., in delivering the opinion of the court, said: "If there had been any agreement or condition at the time, that it should not be delivered as their deed unless the third person named as obligor should also execute it, this would show that it was delivered as an escrow." In the absence of such evidence it was decided to be binding upon those who did execute it.

Assuming this to be the correct doctrine, Halliburton, who is the only party appealing in this case, is not in a situation to complain. The only real defense which he interposed was a denial of his signature to the bond, which is clearly disproved by the record. There is no averment in his answer that the bond was delivered as an escrow, or that there was an agreement that it should not be valid and binding as to him until the signature of Grill should be procured. And had such a defense been set up, there is not a shadow of evidence to sustain it: This point must therefore be ruled against the appellant.

The next question relates to the action of the court in assessing damages. The petition was defective in not asking for judgment for the penalty of the bond and assessment of damages for the injury sustained; but advantage was not properly taken of it in the Circuit Court, and the court proceeded to render a general judgment for the amount that it considered the plaintiff

entitled to, which made the sum of $4,580. This amount was ascertained by taking the sum due by the guardian at the date of the breach, and calculating interest thereon up to the day of the trial.

The District Court, to conform to the statute, modified the judgment so as to give judgment for the penalty of the bond, $4,000, but adopted the Circuit Court's assessment of damages, and authorized execution to issue for the whole damages so found.

In Carter v. Thorn, 18 B. Monr. 613, it was decided that upon the breach of the condition of a penal bond the penalty becomes, in law, a debt due; and the obligors can discharge themselves from liability on the bond, when the damages resulting from the breach of condition exceeds the penalty, by the payment of the penalty alone. But if the damages in such case be not paid on the happening of the breach, it will bear interest until it is paid. A similar decision was made in Hughes v. Wickliff, 11 B. Monr. 202, overruling previous decisions in the same court. To the same effect are Brainard v. Jones, 18 N. Y. 35, and Carter v. Carter, 4 Day, 30. But the general principle is that in actions upon penal bonds with collateral conditions, the plaintiff can never recover more in the shape of damages than the penalty. (2 Wash. C. C. 142; Clerk v. Bush, 3 Cow. 151; Fairlie v. Lawson, 5 Cow. 424; Branscombe v. Scarborough, 6 Q. B. 13; Balsley v. Hoffman, 13 Penn. St. 603; Farrar v. Christy, 24 Mo. 474; Crawford v. Woodward, 8 Mo. 353; 1 Tuck. Com., book 2, ch. 17, p. 269.)

Upon this subject the Supreme Court of the United States say: "The parties, plaintiffs in error, are the sureties, and it is perfectly clear that as to them a judgment can not be rendered beyond the penalty, to be discharged on payment of what is actually due, which, of course, can only be where it is a sum less than the penalty." (Farrar v. United States, 5 Pet 373.)

No principle is better settled than that the liability of a surety is not to be extended by implication beyond the terms of his contract. To the extent and in the manner and under the circumstances pointed out in his obligation, he is bound, and no further.

The statute provides that judgment may be entered for the penalty of the bond, together with costs (1 Wagn. Stat. 240, § 8), and the costs that may accrue in the prosecution of a suit we think are all that can be allowed in addition to the penalty, even where the damages exceed the amount of the penalty.

In the proceedings in the Circuit Court the suit was dismissed as to Carter and Hoyle, and prosecuted to final judgment against Sandusky and Halliburton, but the District Court seems to have rendered judgment against all the parties. As the whole case is disposed of by this opinion, and there is nothing requiring a new trial, this court will give the judgment that the court below should have given. It is therefore ordered that the judgment of the District Court be reversed, and that judgment be entered in this court for $4,000, the penalty of the bond, in favor of the plaintiff, against Sandusky and Halliburton only; and as all the evidence shows that his damages exceed that sum, execution will issue for the full amount of the penalty. The other judges concur.